**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Jarry Jose Montes Barrena,

Petitioner

v.

Todd Blanche, et al.,

Respondents

Case No. 2:26-cv-02630-JAD-MDC

**Order Directing Service of Petition, Appointing Counsel, and Setting Briefing Schedule**

[ECF No. 1-1]

Petitioner Jarry Jose Montes Barrena, an immigration detainee who is challenging the lawfulness of his federal detention at the Nevada Southern Detention Center, has filed a petition for federal habeas corpus relief under 28 U.S.C. § 2241.[1] I find that the petition suffers from two defects: (1) petitioner has not properly commenced this action by either paying the standard $5.00 filing fee or filing a complete application for leave to proceed *in forma pauperis* (IFP),[2] and (2) petitioner has not listed the warden of Nevada Southern Detention Center as a respondent in this action. Nevertheless, I have conducted a preliminary review of the petition and I direct that it be served on the United States Attorney's Office for the District of Nevada and I establish a briefing schedule. I also find that appointment of counsel is in the interests of justice due to the

[1] ECF No. 1-1.

[2] A $5.00 filing fee is required to initiate a habeas action in a federal district court. 28 U.S.C. § 1914(a). I may authorize an indigent prisoner to begin a habeas action without paying the $5 fee if he or she submits an IFP application on the approved form and includes three documents: (a) the prisoner's financial declaration and acknowledgement showing an inability to prepay fees and costs; (b) a financial certificate signed by the prisoner and an authorized prison official; and (c) a copy of the prisoner's account statement for the six-month period prior to filing. *See* 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.

potential complexities of this case and to permit counsel to file an amended petition if warranted.[3]

IT IS THEREFORE ORDERED that **the Federal Public Defender (FPD) for the District of Nevada is appointed to represent the petitioner** and is directed to file a notice of appearance within 7 days of the date of this order. If the FPD is unable to represent the petitioner, because of a conflict of interest or for any other reason, alternate counsel will be appointed. Appointed counsel will represent the petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

IT IS FURTHER ORDERED that if the FPD files a notice of appearance in this matter, it will then have 14 days to file (1) a motion to proceed IFP or pay the $5 filing fee on behalf of the petitioner and (2) an amended petition, or (3) a motion to dismiss the petition. The FPD must effectuate service of the amended petition on the respondents.

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to**:

1. **FILE** the petition (ECF No. 1-1)
2. **ADD** the United States Attorneys' Office for the District of Nevada to the docket as an Interested Party. Under the District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.
3. **ADD** John Mattos, Warden, Nevada Southern Detention Center to the docket as an Interested Party.

[3] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or when the interests of justice so require. 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

4. **MAIL** a copy of the petition (ECF No. 1-1) and this order under Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave. Pahrump, NV 89060.
5. **SEND**, through CM/ECF, a copy of the petition (ECF No. 1-1) and this order to counsel for John Mattos: Ashlee Hesman at ahesman@strucklove.com.

IT IS FURTHER ORDERED that **the USAO must file a notice of appearance within five days** of the date of this order.

IT IS FURTHER ORDERED that **the USAO must produce the following documents to the FPD** (or certify that such documents are not in their custody or control**) within seven days of the date of this order**:

1. I-200 Warrant for Arrest of Alien;
2. Form I-286 Initial Custody Determination;
3. I-862 Notice to Appear;
4. Form I-213 Record of Deportable or Inadmissible Alien;
5. All immigration court orders in the petitioner's removal proceeding;
6. Documents certifying any appeal of any immigration court orders by the Department of Homeland Security or the petitioner; and
7. Transcripts and/or audio recordings of any custody redetermination proceedings.[4]

IT IS FURTHER ORDERED that **the USAO must file a notice within seven days of this order** (1) indicating whether the federal respondents contend that petitioner is, or is not, a

---

[4] *See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (finding that courts may require the production of evidence if necessary to "dispose of the matter as law and justice require"); Rule 6 of the Rules Governing § 2254 Cases (permitting the production of evidence upon good cause shown). I apply the rules governing 28 U.S.C. § 2254 petitions to this 28 U.S.C. § 2241 action. *See* Habeas Rule 1(b).

*Jacobo-Ramirez* class member and (2) identifying the statutory provision that they contend authorizes Petitioner's detention.[5] The federal respondents must further attach the following documents to this notice: (1) Form I-862 Notice to Appear and (2) Form I-213 Record of Deportable or Inadmissible Alien.

IT IS FURTHER ORDERED that **the USAO must file and serve its answer to the amended petition within 7 days of service of the petitioner's counseled amended petition**. The respondents must file any documents referenced or relied upon in their responsive pleading with that pleading. The respondents must also incorporate any arguments for dismissing the petition into their response—filing a separate motion to dismiss is not permitted. Petitioner will then have 7 days to file a reply.

IT IS FURTHER ORDERED that the parties must meet and confer regarding any requests for an extension of deadlines. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension and must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

IT IS FURTHER ORDERED that **the respondents must not transfer the petitioner out of this District,** with the exception of effectuating the petitioner's lawful deportation.[6] In the event of lawful deportation, the respondents' counsel must file a notice with the court within 5 days from deportation.

U.S. District Judge Jennifer A. Dorsey
August 21, 2026

[5] *See Jacobo-Ramirez v. Mullin*, No. 2:25-cv-02136-RFB-MDC, 2026 WL 879799, at *33.

[6] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").