**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Jarry Jose Montes Barrena,

Petitioner

v.

Todd Blanche, et al,

Respondents

Case No.: 2:26-cv-02630-JAD-MDC

**Order Granting Habeas Petition and Directing Respondents to Release Petitioner**

[ECF No. 15]

Petitioner Jarry Jose Montes Barrena is a Venezuelan citizen who entered the United States in 2023 with his wife, young child, and newborn baby. Upon entering the country, Barrena "delivered himself and his family to the closest authorities he could find."[1] A Border Patrol officer served him with a Notice to Appear for immigration proceedings in Chicago in January of 2025, but Barrena did not appear for his hearing date, and an immigration judge issued an order of removal. Then in August of 2026 Barrena was arrested by Immigration and Customs Enforcement (ICE) agents, and he has been at the Nevada Southern Detention Center (NSDC) in Pahrump, Nevada, ever since.

Barrena seeks a writ of habeas corpus, alleging that his arrest was void *ab initio* because he was not served with an I-205 warrant, his I-200 warrant was not signed by an official who had the authority to do so under 8 C.F.R. § 287.5(e)(2), and his continued detention without the proper process and finding of probable cause violates his substantive-due-process rights under the Fifth Amendment. Because the government issued an I-200 warrant instead of an I-205,

[1] ECF No. 15 at 4.

Barrena's arrest was unlawful, so I grant the petition and order the respondents to release Barrena from custody.

## Discussion

### A. This court has jurisdiction over Barrena's claims.

The constitution makes a writ of habeas corpus "available to every individual detained in the United States."[2] That writ permits a person who is in custody to challenge the legality of his detention, and the court has the authority to release the petitioner if it determines that he is illegally detained. The court's habeas jurisdiction encompasses a noncitizen's challenge to his detention under United States immigration laws.[3]

### B. ICE arrested Barrena under the wrong type of warrant, so his arrest was unlawful and he is entitled to relief.

"Immigration arrests are primarily executed through two types of warrants: Form I-200 Warrants of Arrests and Form I-205 Warrants of Removal/Deportation."[4] Under the authority of an I-200, a person suspected of immigration violations "may be arrested and taken into custody" "up to the time removal proceedings are completed."[5] "After removal proceedings [are] completed, if a noncitizen received a 'final administrative removal order,' [he is] detained through a Form I-205 Warrant of Removal/Deportation."[6] Barrena argues that his arrest was

[2] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl. 2).

[3] *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

[4] *Escobar Nerio v. Blanche*, 2026 WL 2983494, at *2 (D. Nev. Oct. 5, 2026).

[5] 8 C.F.R. § 236.1(b)(1).

[6] *Escobar Nerio*, 2026 WL 2983494, at *2 (citing 8 C.F.R. §§ 241.2, 241.3(a)).

unlawful because ICE used the wrong warrant.[7] He asserts that the ICE agents had to serve him with an I-205 warrant because he was subject to a final removal order when he was arrested. The government does not contest that Barrena was subject to a final removal order. It instead argues that "[Barrena] was issued a valid I-200 Warrant and that was most definitely sufficient to bring him into custody to effectuate his lawful removal order."[8] It argues that Barrena's reliance on a case from another judge in this district, *Escobar Nerio v. Blanche*, is misplaced because in that case the government's I-200 was "seven years old and very outdated."[9]

But the fact that the I-200 warrant in that case was seven years old was not the reason that the court granted Escobar Nerio relief—it granted relief because "[a]ccording to federal regulations, and district courts across the country," the I-200 was not valid to detain someone subject to a final order of removal.[10] I am persuaded by those cases and adopt this reasoning. So the government's assertion that Barrena's claim is "a blatant attempt to nullify a validly issued removal order and abuse the court system without any justification" is unfounded based on the text of the federal regulations that govern ICE's conduct when arresting people.[11]

---

[7] ECF No. 15 at 8.

[8] ECF No. 16 at 4.

[9] *Id.*

[10] *Escobar Nerio*, 2026 WL 2983494, at *3 (citing 8 C.F.R. §§ 241.2, 241.3(a); *Inti C.-L. v. Blanche*, 2026 WL 2474390, at *2 (D. Minn. June 9, 2026); *Gumaneh v. Hernandez*, 2026 WL 2624291, at *4 (W.D. Wash. Sept. 4, 2026); *Ger V. v. Mullin*, 2026 WL 1847044, at *2 (D. Minn. June 26, 2026); *De La Rosa Izaguirre v. Blanche*, 2026 WL 2023200, at *11 (E.D.N.Y. July 13, 2026).

[11] ECF No. 16 at 5.

**C. Because Barrena's arrest was void *ab initio*, the court orders his immediate release.**

Courts have "a fair amount of flexibility" in deciding habeas relief.[12] District courts across the country have found that when an ICE arrest was unlawful, the proper remedy is release.[13] Because Barrena was arrested under the authority of an inapplicable warrant, his arrest was unlawful and void *ab initio*.[14] So I find that the appropriate remedy is to order his immediate release from custody.

## Conclusion

IT IS THEREFORE ORDERED that Jarry Jose Montes Barrena's petition for a writ of habeas corpus under 28 U.S.C. § 2241 **[ECF No. 15] is GRANTED. Petitioner Jarry Jose Montes Barrena must be released from detention subject to reasonable conditions of supervision. Imposition of those conditions must not impede Barrena's timely release.**

IT IS FURTHER ORDERED that respondents must file and serve on defense counsel:

(1) notice of the date, time, and location of Barrena's release at least 24 hours before the release is set to occur, and

(2) within four days of this order, notice that Barrena's release was effectuated.

IT IS FURTHER ORDERED that counsel for respondents is directed to immediately provide notice of this order to the restrained parties they represent.

**The Clerk of Court is directed to CLOSE THIS CASE.**

U.S. District Judge Jennifer A. Dorsey
Dated: November 9, 2026

[12] *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005).

[13] See *Ger V.*, 2026 WL 1847044, at *4; *De La Rosa Izaguirre*, 2026 WL 2023200, at *14; *Gumaneh*, 2026 WL 2624291, at *6; *Escobar Nerio*, 2026 WL 2983494, at *4; *Inti C.-L*, 2026 WL 2474390, at *2.

[14] *See Escobar Nerio*, 2026 WL 2983494, at *3